IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ROBERT LOUIS GARDUNO, JR.,**

    **Plaintiff,**

v.

**MICHELLE A. KING, ACTING COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

Case No. 3:21-CV-774-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

    This matter is before the Court on Plaintiff's Motion for Attorney Fees filed under 42 U.S.C. § 406(b). (Doc. 28). The Acting Commissioner of Social Security ("Commissioner") filed a response indicating she neither supports nor opposes counsel's request. (Doc. 29).

    Following an unfavorable decision by the Commissioner, Plaintiff filed the Complaint in this matter on July 6, 2021. (Doc. 1). On March 21, 2023, the undersigned reversed and remanded the action to the Commissioner for rehearing and reconsideration of the evidence. (Doc. 23). On remand, the Administrative Law Judge issued a partially favorable decision, finding Plaintiff disabled for the period of December 9, 2017, through April 16, 2019. (Doc. 28-1). Plaintiff was awarded past-due benefits of $46,622, 25 percent of which—$11,655.50—was withheld by the Commissioner for attorney fees, subject to court approval. (*Id.*).

Counsel now seeks this Court's approval to collect the full $11,655.50 that was withheld by the Commissioner. (Doc. 28). Counsel notes that her fee agreement with Plaintiff provides for a fee of 25 percent of Plaintiff's past-due benefits. (Doc. 13 at p. 81). Furthermore, counsel began representing Plaintiff in February 2019 and continued her representation at each administrative level until she achieved a favorable result for Plaintiff in December 2024. (Doc. 28). Counsel spent 34 hours working on this matter; thus, counsel seeks a total fee of approximately $342.80 per hour. (*Id.*).

Under 42 U.S.C. § 406(b)(1)(A), the Court may allow a "reasonable fee" for an attorney's representation, not to exceed 25 percent of the total of Plaintiff's past-due benefits. However, if the Court approves the fee, "no other fee may be payable or certified for payment for such representation except as provided in this paragraph." *Id*. In practical terms, this means that, when a fee is awarded under § 406(b)(1), counsel must refund any amount previously awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(B). Here, the Court awarded an EAJA fee in the amount of $5,100.00. (Doc. 27).

The Supreme Court has held that § 406(b)(1) controls, but does not displace, contingent fee agreements in social security cases:

> Most plausibly read, we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.

*Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

Having considered the circumstances here, including the contract between

Plaintiff and counsel, the time and effort expended by counsel, the excellent result received by Plaintiff, and the amount of the past-due benefits, the Court concludes that $11,655.50 is a reasonable fee. Counsel obtained a good result for Plaintiff, timely litigated the case, and there is no indication that Plaintiff was dissatisfied with counsel's representation. Furthermore, this fee is well within the range of past awards approved by this Court. *See, e.g.*, *Murphy v. Commissioner of Social Security*, No. 3:20-CV-1065-NJR (S.D. Ill. Nov. 2, 2023).

For these reasons, the Court **GRANTS** Plaintiff's Motion for Attorney Fees filed under 42 U.S.C. § 406(b). (Doc. 28). The Court **AWARDS** Plaintiff's counsel Donna Thornton-Green a total fee of $11,655.50 for her representation of Plaintiff in this matter, to be paid out of Plaintiff's past-due benefits. Counsel **SHALL** refund to Plaintiff the $5,100 in EAJA fees previously awarded.

**IT IS SO ORDERED.**

DATED:   January 22, 2025

*[signature: Nancy J. Rosenstengel]*

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**